**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ANGELA MCDERMOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CARDA HEALTH, INC.<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Angela McDermott ("Plaintiff"), by her undersigned counsel, for this class action complaint against Carda Health, Inc. ("Defendant") alleges as follows:

## I. INTRODUCTION

1. Nature of Action: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including sending text messages to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

5. Plaintiff is an individual.

6. Defendant is a corporation located in this District.

## III. JURISDICTION AND VENUE

7. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a Defendant resides in this District.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B. Unsolicited Telemarketing to Plaintiff**

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant is a private digital health company that operates as a virtual health care provider.

16. Plaintiff is the regular and sole user of her cellular telephone number—(614) XXX-XXXX.

17. Plaintiff's telephone number, (614) XXX-XXXX, is a non-commercial telephone number that is used for residential purposes.

18. Plaintiff uses her cell phone number for personal use only as one would use a landline telephone number in a home.

19. Plaintiff uses her cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

20. Plaintiff personally pays for her cell phone and is not reimbursed by a business.

21. Plaintiff has never used her cell phone number in any business or marketing material.

22. Plaintiff pays for her cell phone plan herself and is not reimbursed by a business.

23. Plaintiff's number has been on the National Do Not Call Registry since October 31, 2007.

24. Despite that, Plaintiff received numerous telemarketing calls and text messages from Defendant from November 2024 through July 2026.

25. On November 14, 2024, Plaintiff received a text message from Defendant from telephone number (866) 932-5104.

26. The text message was sent to “Patty.”

27. Plaintiff informed Defendant that she was not “Patty” and Defendant responded, “Thanks for letting us know.”

28. On June 4, 2026, Plaintiff received two calls from Defendant at this same telephone number.

29. On the second call, Defendant asked for Patty, and Plaintiff informed Defendant that it had contacted the wrong number.

30. On June 11, 2026, Plaintiff received another call from Defendant which she rejected.

31. On June 11, Plaintiff also received a text message from Defendant.

32. Plaintiff then received another text message on July 1.

33. Finally, Plaintiff received three more calls from Defendant on June 30, July 1, and July 2, 2026.

34. Plaintiff rejected the first two calls but on the final call answered and again informed Defendant that she was not Patty and to stop calling.

35. The text messages Defendant sent Plaintiff are provided below:


10:11
+1 (866) 932-5104
Text Message • SMS
Nov 14, 2024 at 10:38 AM
Hi Patty!
Welcome to Carda Health's Pulmonary Rehab Service!
We understand how challenging managing breathing issues can be, and we're here to help you take positive steps toward a healthier, more active life-all from the comfort of your own home. Our service is designed to help you build strength, improve your breathing, and feel more in control of your health.
Here's why virtual pulmonary rehab is a game-changer for lung health:
- Convenience at Home
Participate in rehab right from home, which can be especially helpful if symptoms make travel challenging.
- Better Breathing Control
control over your breathing and
Text Message • SMS


10:11
+1 (866) 932-5104
- Better Breathing Control
Tailored breathing exercises improve lung capacity over time, helping you gain more control over your breathing and reduce breathlessness.
- Effective Symptom Management
Regular sessions help ease common symptoms like shortness of breath, fatigue, and coughing, so you can feel more comfortable day-to-day.
- Progress Tracking
See your improvement in real time, whic
h can be incredibly motivating as you watch your strength and health grow.
- Cost Savings
Reduce the risk of hospitalizations, save on travel costs for in-person rehab, and lessen physical strain with our fully virtual model.
If you're eligible, insurance
Text Message • SMS
being.


10:11
+1 (866) 932-5104
If you're eligible, insurance covers most of the cost, making it easier to focus on what truly matters-your health and well-being.
If you'd like more details, feel free to call us at 866-932-5104, or visit our website at cardahealth.com For trusted reviews, you can also check out trustpilot.com/review/cardahealth.com
We're excited to help you take this step toward a healthier, more
Patty, I understand that life can get busy sometimes, but I also know how important it is to take care of your health. If you call me back today, we can get your care package shipped out to you within 48 hours! Let me know what time works best for you for me to reach back out! -Valerie
Wrong number
Text Message • SMS


10:12
care package shipped out to
Valerie
+1 (866) 932-5104
Wrong number
Thanks for letting us know!
Thu, Jun 11 at 2:27 PM
Hi Patty,
👋 Hi from Carda Health! We're here to support your lung and heart health with our remote pulmonary rehab program. Reply "STOP" to opt out. Questions? Call us at 866-932-5104
The Carda Team.
Wednesday 4:35 PM
Hi Patty,
💙 Take control of your lung health with Carda Health's remote pulmonary rehab! Get personalized care from home with proven results. Curious? Call 866-932-5104 to learn more. Reply "STOP" to opt out.
Looking forward to taking this
Text Message • SMS




36. The text message and calls were sent to advertise the Defendant's pulmonary rehabilitation programs and promote its personalized care business.

37. The repeated calls provided detailed information about the Defendant's services and the telephone number of where to reach Defendant.

38. The text messages and calls were therefore made for the purpose of encouraging the purchase of the Defendant's services and constituted telemarketing under the TCPA.

39. The phone calls were made to offer the same services featured in the text messages.

40. The text messages and calls were sent well over thirty-one days after Plaintiff's number was registered on the National Do Not Call Registry

41. A reasonable seller would investigate into the reasons why they would be sending hundreds of messages to numbers on the National Do Not Call Registry.

42. Plaintiff's privacy has been violated by the above-described telemarketing calls/text messages.

43. Plaintiff never provided her consent or requested these messages.

44. In fact, the Plaintiff never did any business whatsoever with any of the Defendant.

45. The aforementioned calls that were sent to the Plaintiff were unwanted.

46. The messages were non-consensual encounters.

47. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the messages occupied their telephone storage space, rendering them unavailable for legitimate communication and other legitimate uses, including while driving, working, and performing other critical household tasks for which storage is required.

## V. CLASS ACTION ALLEGATIONS

48. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

49. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. The Class, as defined above, is identifiable through telephone records and telephone number databases.

51. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

52. Individual joinder of these persons is impracticable.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

55. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

56. This class action complaint seeks injunctive relief and money damages.

57. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

58. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

59. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

60. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

61. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes

consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

62. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

63. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

64. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

65. Defendant's violations were negligent, willful, or knowing.

66. As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

67. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Date: July 15, 2026

Respectfully submitted,

**COOCH AND TAYLOR, P.A.**

*/s/ Dean R. Roland*
Dean R. Roland (No. 6459)
1000 North West St., Suite 1500
P.O. Box 1680
Wilmington, DE 19899-1680
(302) 984-3851
droland@coochtaylor.com

Anthony I. Paronich, *Pro Hac Vice Forthcoming*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*