**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANGELA MCDERMOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDA HEALTH, INC.<br><br>Defendant. | C.A. No. 26-861-CFC |

**CARDA HEALTH'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant Carda Health, Inc. ("Carda Health" or "Defendant") hereby submits its Answer and Affirmative Defenses to Plaintiff Angela McDermott's Complaint (the "Complaint"), and states as follows:

## I. INTRODUCTION

1. Nature of Action: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals'

privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

**RESPONSE**: Defendant states that no response is required to the legal conclusions and characterizations of law in Paragraph 1. To the extent a response is required, Defendant denies the allegations.

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

**RESPONSE**: Defendant states that no response is required to the legal conclusions and characterizations of law in Paragraph 2. To the extent a response is required, Defendant denies the allegations.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including sending text messages to numbers on the National Do Not Call Registry, including her own.

**RESPONSE**: Defendant states that no response is required to the legal conclusions and characterizations of law in Paragraph 3. To the extent a response is required, Defendant denies the allegations.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**RESPONSE**: Defendant states that no response is required to the legal conclusions and characterizations of law in Paragraph 4. To the extent a response is required, Defendant denies the allegations.

## II. PARTIES

5. Plaintiff is an individual.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's status as an individual and therefore denies them.

6. Defendant is a corporation located in this District.

**RESPONSE**: Defendant admits that it is a corporation. Defendant denies that it 'resides' in this District to the extent alleged and denies any remaining allegations.

## III. JURISDICTION AND VENUE

7. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

**RESPONSE**: Defendant admits that this Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

8. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a Defendant resides in this District.

**RESPONSE**: Defendant admits only that Plaintiff alleges venue pursuant to 28 U.S.C. § 1391(b)(2) and reserves the right to challenge venue. Defendant denies any remaining allegations.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**RESPONSE**: Defendant admits only that Congress enacted the TCPA in 1991. No response is required to the extent Paragraph 9 states a legal conclusion.

10. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**RESPONSE**: Defendant admits that Section 227(c) of the TCPA requires the FCC to initiate a rulemaking proceeding concerning residential telephone subscribers' privacy rights. No response is required to the extent Paragraph 10 states a legal conclusion.

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**RESPONSE**: The allegations of Paragraph 11 refer to a statute, which speaks for itself. Except as expressly admitted, Carda Health denies the allegations in this paragraph.

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**RESPONSE**: The allegations of Paragraph 12 refer to a statute, which speaks for itself. Except as expressly admitted, Carda Health denies the allegations in this paragraph.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**RESPONSE**: The allegations of Paragraph 13 refer to statutes, which speak for themselves. Except as expressly admitted, Carda Health denies the allegations in this paragraph.

**B. Unsolicited Telemarketing to Plaintiff**

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's status under 47 U.S.C. § 153(39) and therefore denies them.

15. Defendant is a private digital health company that operates as a virtual health care provider.

**RESPONSE**: Defendant admits that it is a private digital health company that operates as a virtual health care provider.

16. Plaintiff is the regular and sole user of her cellular telephone number—(614) XXX-XXXX.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

17. Plaintiff's telephone number, (614) XXX-XXXX, is a non-commercial telephone number that is used for residential purposes.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

18. Plaintiff uses her cell phone number for personal use only as one would use a landline telephone number in a home.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

19. Plaintiff uses her cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

20. Plaintiff personally pays for her cell phone and is not reimbursed by a business.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21. Plaintiff has never used her cell phone number in any business or marketing material.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

22. Plaintiff pays for her cell phone plan herself and is not reimbursed by a business.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

23. Plaintiff's number has been on the National Do Not Call Registry since October 31, 2007.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

24. Despite that, Plaintiff received numerous telemarketing calls and text messages from Defendant from November 2024 through July 2026.

**RESPONSE**: Defendant admits only that communications were made to the phone number at issue between November 2024 and July 2026. Defendant denies that they were directed to Plaintiff or constituted telemarketing. Defendant denies any allegations not expressly admitted herein.

25. On November 14, 2024, Plaintiff received a text message from Defendant from telephone number (866) 932-5104.

**RESPONSE**: Defendant admits that a text message was sent to the phone number at issue from (866) 932-5104 on November 14, 2024, but denies that it was

directed to Plaintiff. Defendant denies any characterization of the message as telemarketing.

26. The text message was sent to “Patty.”

**RESPONSE**: Defendant admits that the text message was addressed to “Patty.” Defendant denies any allegation that it was directed to Plaintiff.

27. Plaintiff informed Defendant that she was not “Patty” and Defendant responded, “Thanks for letting us know.”

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

28. On June 4, 2026, Plaintiff received two calls from Defendant at this same telephone number.

**RESPONSE**: Defendant admits that at least one call was placed to the phone number at issue on June 4, 2026, and lacks sufficient information to admit or deny whether a second call was placed on that date. Defendant denies any characterization of the calls as live agent calls or telemarketing.

29. On the second call, Defendant asked for Patty, and Plaintiff informed Defendant that it had contacted the wrong number.

**RESPONSE**: Defendant admits that a call was placed to the phone number at issue, but denies that a live agent asked for Patty or that the alleged conversation occurred. Defendant denies that the call was directed to Plaintiff.

30. On June 11, 2026, Plaintiff received another call from Defendant which she rejected.

**RESPONSE**: Defendant admits that a call was placed to the phone number at issue on June 11, 2026, but denies that it was directed to Plaintiff. Defendant denies any characterization of the call as telemarketing.

31. On June 11, Plaintiff also received a text message from Defendant.

**RESPONSE**: Defendant admits that a text message was sent to the phone number at issue on June 11, 2026, but denies that it was directed to Plaintiff. Defendant denies any characterization of the message as telemarketing.

32. Plaintiff then received another text message on July 1.

**RESPONSE**: Defendant admits that a text message was sent to the phone number at issue on July 1, 2026, but denies that it was directed to Plaintiff. Defendant denies any characterization of the message as telemarketing.

33. Finally, Plaintiff received three more calls from Defendant on June 30, July 1, and July 2, 2026.

**RESPONSE**: Defendant admits that calls were placed to the phone number at issue on June 30, July 1, and July 2, 2026, but denies that they were directed to Plaintiff. Defendant denies any characterization of the calls as live agent calls or telemarketing.

34. Plaintiff rejected the first two calls but on the final call answered and again informed Defendant that she was not Patty and to stop calling.

**RESPONSE**: Defendant admits only that calls were placed to the phone number at issue, but denies the remainder of the allegations.

35. The text messages Defendant sent Plaintiff are provided below:


10:11
+1 (866) 932-5104
Text Message • SMS
Nov 14, 2024 at 10:38 AM
Hi Patty!
Welcome to Carda Health's Pulmonary Rehab Service!
We understand how challenging managing breathing issues can be, and we're here to help you take positive steps toward a healthier, more active life-all from the comfort of your own home. Our service is designed to help you build strength, improve your breathing, and feel more in control of your health.
Here's why virtual pulmonary rehab is a game-changer for lung health:
- Convenience at Home
Participate in rehab right from home, which can be especially helpful if symptoms make travel challenging.
- Better Breathing Control
Tailored breathing exercises
Text Message • SMS
control over your breathing and


10:11
+1 (866) 932-5104
- Better Breathing Control
Tailored breathing exercises improve lung capacity over time, helping you gain more control over your breathing and reduce breathlessness.
- Effective Symptom Management
Regular sessions help ease common symptoms like shortness of breath, fatigue, and coughing, so you can feel more comfortable day-to-day.
- Progress Tracking
See your improvement in real time, whic
h can be incredibly motivating as you watch your strength and health grow.
- Cost Savings
Reduce the risk of hospitalizations, save on travel costs for in-person rehab, and lessen physical strain with our fully virtual model.
If you're eligible, insurance
Text Message • SMS


10:11
+1 (866) 932-5104
If you're eligible, insurance covers most of the cost, making it easier to focus on what truly matters-your health and well-being.
If you'd like more details, feel free to call us at 866-932-5104, or visit our website at cardahealth.com For trusted reviews, you can also check out trustpilot.com/review/cardahealth.com
We're excited to help you take this step toward a healthier, more
Patty, I understand that life can get busy sometimes, but I also know how important it is to take care of your health. If you call me back today, we can get your care package shipped out to you within 48 hours! Let me know what time works best for you for me to reach back out! - Valerie
Wrong number
Text Message • SMS


10:12
Valerie
+1 (866) 932-5104
Wrong number
Thanks for letting us know!
Thu, Jun 11 at 2:27 PM
Hi Patty,
👋 Hi from Carda Health! We're here to support your lung and heart health with our remote pulmonary rehab program. Reply "STOP" to opt out. Questions? Call us at 866-932-5104
The Carda Team.
Wednesday 4:35 PM
Hi Patty,
💙 Take control of your lung health with Carda Health's remote pulmonary rehab! Get personalized care from home with proven results. Curious? Call 866-932-5104 to learn more. Reply "STOP" to opt out.
Looking forward to taking this
Text Message • SMS




**<u>RESPONSE</u>**: Defendant admits only that the text messages shown in the Complaint were sent to the phone number at issue. Defendant denies that they were directed to Plaintiff. Defendant denies any characterization of the messages as telemarketing.

36. The text message and calls were sent to advertise the Defendant's pulmonary rehabilitation programs and promote its personalized care business.

**RESPONSE**: Defendant admits that the communications concerned its pulmonary rehabilitation programs, but denies that they were directed to Plaintiff or constituted telemarketing.

37. The repeated calls provided detailed information about the Defendant's services and the telephone number of where to reach Defendant.

**RESPONSE**: Defendant denies that the calls to Plaintiff provided detailed information about Defendant's services. Defendant denies any remaining allegations.

38. The text messages and calls were therefore made for the purpose of encouraging the purchase of the Defendant's services and constituted telemarketing under the TCPA.

**RESPONSE**: Defendant denies that the communications were made to Plaintiff for the purpose of encouraging a purchase or that they constituted "telemarketing" under the TCPA. They were healthcare-related outreach.

39. The phone calls were made to offer the same services featured in the text messages.

**RESPONSE**: Defendant denies the allegations of paragraph 39.

40. The text messages and calls were sent well over thirty-one days after Plaintiff's number was registered on the National Do Not Call Registry

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged National Do

Not Call Registry registration and therefore denies them. Defendant denies any implication that the communications violated the TCPA.

41. A reasonable seller would investigate into the reasons why they would be sending hundreds of messages to numbers on the National Do Not Call Registry.

**RESPONSE**: Defendant denies the allegations, including the premise that Defendant sent hundreds of messages to numbers on the National Do Not Call Registry.

42. Plaintiff's privacy has been violated by the above-described telemarketing calls/text messages.

**RESPONSE**: Defendant denies that Plaintiff's privacy was violated or that any actionable call or text was made to Plaintiff.

43. Plaintiff never provided her consent or requested these messages.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

44. In fact, the Plaintiff never did any business whatsoever with any of the Defendant.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

45. The aforementioned calls that were sent to the Plaintiff were unwanted.

**RESPONSE**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

46. The messages were non-consensual encounters.

**RESPONSE**: Defendant denies the allegations of Paragraph 46.

47. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the messages occupied their telephone storage space, rendering them unavailable for legitimate communication and other legitimate uses, including while driving, working, and performing other critical household tasks for which storage is required.

**RESPONSE**: Defendant denies that Plaintiff or any putative class member was harmed by Defendant's conduct, denies that any privacy violation, annoyance, harassment, or storage-space injury occurred, and denies any liability.

## V. CLASS ACTION ALLEGATIONS

48. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**RESPONSE**: Defendant denies the allegations and denies that the proposed class can be certified under Federal Rule of Civil Procedure 23. The proposed definition presents individualized questions concerning the intended recipient, consent, prior relationship, Do Not Call status, and nature of each communication.

49. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**<u>RESPONSE</u>**: Defendant denies that the proposed exclusions or any other allegation in Paragraph 49 establishes a certifiable class and denies the remaining allegations.

50. The Class, as defined above, is identifiable through telephone records and telephone number databases.

**<u>RESPONSE</u>**: Defendant denies that the proposed class is identifiable through telephone records and databases alone because individualized issues concerning intended recipients, consent, prior relationships, and the circumstances of each communication would remain.

51. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

**<u>RESPONSE</u>**: Defendant denies that the proposed class numbers are in the hundreds or that the alleged volume of communications supports certification under Rule 23.

52. Individual joinder of these persons is impracticable.

**<u>RESPONSE</u>**: Defendant denies that joinder is impracticable and denies that the requirements of Rule 23 are satisfied.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**<u>RESPONSE</u>**: Defendant denies that class treatment would provide the alleged substantial benefit to the parties or the Court and denies that the proposed class satisfies Rule 23.

54. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

**RESPONSE**: Defendant denies that Plaintiff is a member of the proposed class or can fairly and adequately represent it. Defendant further denies that Plaintiff's claims are typical or that the proposed class lacks conflicts.

55. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**RESPONSE**: Defendant denies that Plaintiff or any putative class member has been harmed by Defendant's conduct and denies the remaining allegations.

56. This class action complaint seeks injunctive relief and money damages.

**RESPONSE**: Defendant admits only that Plaintiff purports to seek injunctive relief and money damages. Defendant denies that Plaintiff or the putative class is entitled to any relief and denies that a class action is proper.

57. There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**<u>RESPONSE</u>**: Defendant denies that the proposed common questions are common to the class or predominate. Individual issues concerning the intended recipient, consent, prior business relationship, Do Not Call status, and the circumstances of each communication predominate, and Defendant denies that treble damages are available on a class-wide basis.

58. Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**<u>RESPONSE</u>**: Defendant denies that Plaintiff's claims are typical of those of the putative class and denies the remaining allegations.

59. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**<u>RESPONSE</u>**: Defendant denies that Plaintiff is an adequate representative and denies that her interests are aligned with all putative class members.

60. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

**<u>RESPONSE</u>**: Defendant denies that common questions predominate, that a class action is superior, or that class membership can be determined from Defendant's records alone. Individualized issues concerning intended recipients,

consent, prior relationships, and the circumstances of each communication would require individual inquiries.

61. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**RESPONSE**: Defendant denies that a class action is the superior method for adjudicating this controversy and denies the remaining allegations. Individual issues concerning intended recipients, consent, prior relationships, and the circumstances of each communication would create substantial management difficulties.

62. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**RESPONSE**: Defendant denies that it acted on grounds generally applicable to the proposed class, that injunctive or declaratory relief is appropriate, or that any alleged calls are likely to continue. Defendant denies any violation of the TCPA.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

63. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**RESPONSE**: Defendant incorporates its foregoing responses. To the extent a response is required, Defendant denies any allegation not expressly admitted and denies liability.

64. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**RESPONSE**: Defendant denies that it or anyone acting on its behalf made telemarketing calls in violation of the TCPA, and denies any liability to Plaintiff or the putative class.

65. Defendant's violations were negligent, willful, or knowing.

**RESPONSE**: Defendant denies that any conduct was negligent, willful, knowing, or intentional.

66. As a result of Defendant's, and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

**RESPONSE**: Defendant denies that Plaintiff or any putative class member is entitled to statutory, treble, or other damages and denies that any violation occurred.

67. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**RESPONSE**: Defendant denies that Plaintiff or the putative class is entitled to injunctive relief and denies that any violation is ongoing or likely to continue.

## PRAYER FOR RELIEF

Carda Health denies all allegations contained in the "WHEREFORE" section of the Complaint, including all of its paragraphs, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative, appointment of her attorneys as class counsel, declaratory relief, injunctive relief, damages, fees, costs, or any relief whatsoever against Carda Health.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Carda Health. For example, Plaintiff fails to show that any calls allegedly received were those for "which the called party is charged" as required by the TCPA.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

In the alternative, Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were made with the prior express consent. Patty Ward provided her name and phone number by creating a signup profile through Carda Health's website on November 11, 2024. Carda Health had consent to communicate with that individual at the number provided.

**THIRD AFFIRMATIVE DEFENSE**
**(Acquiescence, Estoppel, Waiver, and Unclean Hands)**

Plaintiff and the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, and/or waiver. Plaintiff cannot assert claims under the TCPA against Carda Health because she or others voluntarily provided telephone numbers through Carda Health's website sign-up process.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to take all reasonable steps to mitigate their purported damages, including but not limited to utilizing available call-blocking

technology, registering with applicable do-not-call registries, or availing themselves of other available remedies prior to filing suit. For example, the text messages sent to the phone number at issue included clear opt-out instructions inviting the recipient to reply "STOP" to cease further messages, yet no such opt-out reply was received.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Carda Health did not engage in knowing or willful misconduct. To the extent calls were placed to Plaintiff after a stop request, such calls were not from a willful decision to continue calling Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Proximate Cause)**

Carda Health did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as contractors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Carda Health, under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), because any harm allegedly caused by the calls at

issue (which Carda Health denies) is not fairly traceable to any violation allegedly committed by Carda Health. The communications were directed to Patty Ward, not to Plaintiff, and Plaintiff was merely the incidental recipient of communications intended for another individual.

**NINTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

Any and all claims brought in the Complaint are barred because Carda Health possessed a good-faith belief that it had consent to call the number at issue. To the extent calls continued after Plaintiff's stop request, Carda Health's calling systems failed to properly flag the request due to an internal processing error, and Carda Health did not act in bad faith.

**TENTH AFFIRMATIVE DEFENSE**
**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by others or Plaintiff for which Carda Health cannot be held vicariously liable.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**TWELFTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny. For example, to the extent Plaintiff contends that the TCPA restricts informational healthcare calls, Plaintiff's interpretation of the TCPA violates the First Amendment.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Carda Health, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive, particularly to the extent Plaintiff seeks them on a class-wide basis.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Authorization to Make Calls)**

To the extent that calls were placed to Plaintiff using automated systems operated by third-party platform providers, Carda Health did not itself directly make those calls within the meaning of the TCPA.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No "Call")**

To the extent that calls to Plaintiff were placed through automated platform systems without direct human initiation, Carda Health did not "make any call" to Plaintiff as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Charge)**

Plaintiff was not "charged for the call" for the calls at issue in this lawsuit, as that term is used in the TCPA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Carda Health from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure and therefore cannot maintain this action as a class action. Further, Carda Health gives notice that, in the event that this Court certifies a class,

which Carda Health denies would be appropriate, Carda Health reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Emergency Purposes Exception)**

To the extent Carda Health's calls conveyed healthcare information relevant to Plaintiff's medical needs, the TCPA's exception for calls made for emergency purposes, 47 U.S.C. § 227(b)(1)(A), may apply. Carda Health reserves the right to assert this defense if supported by further factual development.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Subject to Terms of Service, Including Consent and Arbitration)**

To the extent that Plaintiff and/or the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Further Defenses)**

Carda Health has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Carda Health reserves the right to amend its Answer to assert any such defense.

OF COUNSEL:

Brandon T. White
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 789-7470
Brandon.White@hklaw.com

Travis A. Sabalewski
HOLLAND & KNIGHT LLC
200 South 10th Street,
Suite 1000
Richmond, Virginia 23219
(804) 799-6591
Travis.Sabalewski@hklaw.com

*/s/ Chad M. Shandler*
Chad M. Shandler (#3796)
Andrew L. Rosen (#7651)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
shandler@rlf.com
rosen@rlf.com

*Counsel for Defendant Carda Health, Inc.*

Dated: September 4, 2026