**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANGELA MCDERMOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDA HEALTH, INC.,<br><br>Defendant. | ) | C.A. No. 1:26-cv-00861-CFC |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Angela McDermott ("Plaintiff") has brought this putative class action against Defendant Carda Health, Inc. ("Carda") asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), which Carda denies;

WHEREAS, Plaintiff and Carda (each a "Party" and together the "Parties"), by and through their respective counsel, anticipate that discovery in the above-captioned action (the "Action") will involve the production of confidential, proprietary, or private information, including confidential business and compliance information, call and text-message records, consumer and patient contact information, and protected health information, for which protection from public disclosure and from use for any purpose other than this Action is warranted;

WHEREAS, the Parties seek entry of a protective order limiting disclosure of such information in accordance with Federal Rule of Civil Procedure 26(c), and an order under Federal Rule of Evidence 502(d);

NOW, THEREFORE, it is hereby stipulated by the Parties, subject to the approval of the Court, and ORDERED that:

**1. Purposes and Limitations.** This Order shall govern all documents, electronically stored information, testimony, discovery responses, and other materials produced or disclosed in this Action by any Party or non-party (the "Producing Party" or "Designating Party"). The Parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery responses, and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. This Order authorizes the Parties to produce, receive, and use non-public information concerning identifiable individuals, including putative class members and persons associated with telephone numbers at issue, without first obtaining those individuals' consent, provided such information is designated and handled as Protected Material under this Order.

**2. Other Proceedings.** By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**3.** **Definitions.** As used in this Order: (a) "Protected Material" means any material designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**"; (b) "Receiving Party" means any Party that receives Protected Material; (c) "Outside Counsel of Record" means attorneys who are not employees of a Party, who are retained to represent a Party in this Action and have appeared on its behalf, and their partners, associates, paralegals, and regularly employed staff; (d) "Personal Identifying Information" means names, telephone numbers, addresses, email addresses, dates of birth, account or signup identifiers, and similar information identifying a natural person; and (e) "Protected Health Information" or "PHI" has the meaning set forth in 45 C.F.R. § 160.103.

**4.** **Designation of CONFIDENTIAL Material.** A Designating Party may designate as "**CONFIDENTIAL**" any material that it reasonably and in good faith believes contains (a) non-public, confidential, or commercially sensitive business, financial, marketing, sales, compliance, or personnel information; (b) Personal Identifying Information of any natural person, including call records, text-message records, dialing lists, and lead or signup data identifying consumers or

putative class members; (c) information received in confidence from third parties, including telecommunications carriers and vendors; or (d) information otherwise entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

**5. Designation of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material.** A Designating Party may designate as "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" any **CONFIDENTIAL** material that it reasonably and in good faith believes is so sensitive that its disclosure to another Party, even under the restrictions of this Order, would create a substantial risk of competitive harm or harm to the privacy of non-parties, including: (a) PHI; (b) proprietary dialing-system, campaign, suppression-list, and lead-sourcing configurations, source data, and vendor contracts; (c) non-public technical documentation concerning call-center, customer-relationship-management, and data-migration systems; and (d) aggregate consumer or patient contact data produced for class-related discovery.

**6. Manner of Designation.** Documents shall be designated by placing the legend "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" on each page so designated. Natively produced electronic files and spreadsheets shall be designated by including the legend in the file name or on a slip sheet and in the production metadata or cover letter. Tangible things shall be designated by written notice at the time of production. Any material produced before

entry of this Order with a confidentiality designation shall be treated in accordance with the corresponding designation under this Order.

**7.** **<u>Designation of Deposition Testimony</u>.** Deposition testimony may be designated (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the final transcript becomes available. Until expiration of that thirty-day period, the entire transcript shall be treated as **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**. The designation shall be placed on the cover page of the transcript, and the court reporter shall be advised of designated portions.

**8.** **<u>Access to CONFIDENTIAL Material</u>.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated CONFIDENTIAL may be disclosed only to:

(a) the Court and its personnel;

(b) the Parties, including, for Carda, its officers, directors, in-house counsel, and employees who have a legitimate need to access the information in connection with overseeing this Action or assisting counsel; for the avoidance of doubt, Parties shall not include family members, spouses, or other individuals related to or connected with a Party;

(c) Outside Counsel of Record;

(d) outside experts and consultants retained for this Action, and persons working under their direction, subject to Paragraph 11;

(e) court reporters, videographers, and litigation-support vendors, including e-discovery, graphics, translation, and jury-consulting vendors, retained in connection with this Action;

(f) any mediator or settlement officer, and supporting personnel, mutually agreed upon by the Parties or appointed by the Court;

(g) any person identified on the face of the material, or through foundation testimony, as an author, addressee, or recipient of the material, or who otherwise previously had lawful access to it, provided that such person shall not retain a copy; and

(h) any other person with the prior written consent of the Designating Party.

**9. Access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Material.** Material designated **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY** may be disclosed only to the persons identified in Paragraph 8(a) and (c) through (h), and shall not be disclosed to any Party or employee of a Party other than the Designating Party. The Designating Party shall accommodate reasonable requests to provide summary information to a Receiving Party's in-house counsel where reasonably necessary for the litigation.

**10. Use of Protected Material.** Protected Material, and all copies, excerpts, summaries, and compilations thereof, shall be used solely for prosecuting, defending, or attempting to settle this Action, and for no other purpose, including without limitation any other litigation, any business or marketing purpose, or the solicitation of clients or putative class members. Without limiting the foregoing, no Receiving Party or counsel shall use Personal Identifying Information obtained in discovery to contact any consumer, patient, or putative class member, except as authorized by further order of the Court, including any order governing class notice. Each person receiving Protected Material shall maintain it in a secure manner, including on secure electronic platforms, so as to prevent disclosure to any person not authorized under this Order.

**11. Disclosure to Experts and Consultants.** Before any Protected Material is disclosed to an outside expert or consultant, the person shall execute the Agreement to Be Bound attached as Exhibit A. Before disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material, the Party seeking disclosure shall provide the Designating Party with written notice that includes (a) the person's name, present employer, and title; (b) the executed Exhibit A; (c) a current curriculum vitae; and (d) a list of the cases in which the person has testified at deposition or trial within the last four (4) years. The Designating Party may object in writing for good cause within ten (10) days of receipt of the notice, during which

time no such disclosure shall be made. The Parties shall meet and confer within five (5) days of any objection. If the dispute is not resolved, the objecting Party shall seek relief pursuant to Paragraph 15 within ten (10) days of the meet and confer, failing which the objection shall be deemed withdrawn. The objecting Party bears the burden of showing why disclosure should not be made.

**12. Protected Health Information.** This Order constitutes a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v). The Parties and any covered entity or business associate producing information in this Action are authorized to disclose PHI for purposes of this Action, subject to this Order. The Parties shall (a) use and disclose PHI solely for purposes of this Action; (b) designate PHI as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY; and (c) at the conclusion of this Action, return or destroy all PHI, including all copies, as required by Paragraph 21 and 45 C.F.R. § 164.512(e)(1)(v)(B). A Producing Party may redact PHI that is not relevant to any claim or defense, provided that it identifies the redaction as "Redacted – PHI." Nothing in this Order requires production of PHI that is not otherwise discoverable.

**13. Non-Party Material.** Any non-party from whom discovery is sought in this Action, including any telecommunications carrier, dialing-platform provider, data vendor, or lead source, may designate material it produces under this Order and shall have the protections and obligations of a Designating Party. A Party may

designate material produced by a non-party that contains the Party's confidential information within fourteen (14) days of its production, and until that period expires all such material shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY. A Party serving a subpoena on a non-party shall serve a copy of this Order with the subpoena.

**14. Examination of Witnesses.** Nothing in this Order shall prevent a Party from examining, at deposition, hearing, or trial, a witness not otherwise authorized to receive Protected Material, if the witness is an author, addressee, or recipient of the Protected Material; is a current officer, director, or employee of the Designating Party; or previously had lawful access to, or knowledge of, the Protected Material, as demonstrated by the material itself or by foundation testimony. Counsel may question a witness to determine whether the witness has such prior knowledge, provided the questioning does not disclose the substance of the Protected Material.

**15. Challenges to Designations.** The Parties shall use reasonable care to avoid designating material that does not require protection. A Receiving Party may challenge a designation at any time by serving on the Designating Party a written objection identifying the material with particularity and stating the grounds for the objection, after first attempting in good faith to meet and confer. The Designating Party shall respond in writing within ten (10) business days. If the dispute is not resolved, the challenging Party may seek relief from the Court in accordance with

the discovery-dispute procedures set forth in Paragraph 6 of the Court's Scheduling Order. The burden of establishing that a designation is proper rests on the Designating Party. Pending resolution, the material shall be treated as designated.

**16. <u>Inadvertent Failure to Designate.</u>** The inadvertent or unintentional production of material without a designation, or with a lower designation than warranted, shall not waive the Designating Party's claim of confidentiality. Such failure may be corrected by written notice within a reasonable time after discovery of the error, together with replacement copies bearing the correct designation. Upon receipt of such notice, the Receiving Party shall treat the material as designated, make reasonable efforts to retrieve it from any person not authorized to receive it, and destroy the undesignated copies.

**17. <u>Unauthorized Disclosure.</u>** If a Receiving Party learns that Protected Material has been disclosed to any person or in any circumstance not authorized by this Order, including through a data-security incident, it shall within two (2) business days (a) notify the Designating Party in writing of all pertinent facts; (b) use its best efforts to retrieve all unauthorized copies; (c) inform the persons to whom the unauthorized disclosure was made of the terms of this Order; and (d) request that such persons execute Exhibit A.

**18. <u>Privileged Material; Federal Rule of Evidence 502(d).</u>** Nothing in this Order shall require production of material protected by the attorney-client

privilege, the work-product doctrine, or any other privilege or immunity. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or protected material in this Action, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection in this Action or in any other federal or state proceeding, and the provisions of Federal Rule of Evidence 502(b) shall not apply. Upon written notice of such production, the Receiving Party shall, within five (5) business days, return, sequester, or destroy all copies of the identified material and any notes or summaries reflecting its contents, and confirm in writing that it has done so. A Receiving Party that discovers it has received material that reasonably appears to be privileged shall promptly stop review and notify the Producing Party. The Receiving Party may challenge the privilege claim pursuant to Paragraph 15 but shall not assert the fact of production as a ground for the challenge, and may use the material only to the extent necessary to present such challenge to the Court under seal. The Producing Party bears the burden of establishing the privilege or protection.

**19.** **Privilege Logs.** No Party is required to log privileged or work-product material created on or after July 15, 2026, the date the Complaint in this Action was filed, or communications between a Party and its litigation counsel concerning this Action.

**20.** **Filing Under Seal.** A Party seeking to file Protected Material with the Court shall comply with Local Rule 5.1.3 and the Court's CM/ECF procedures by filing the Protected Material under seal. A redacted public version of any sealed filing shall be filed within seven (7) days. The Designating Party bears the burden of demonstrating that the material should remain under seal. This Order does not govern the use of Protected Material at trial, which shall be addressed in the pretrial order or by further order of the Court.

**21.** **Final Disposition.** Within sixty (60) days after the final termination of this Action, including all appeals, each Receiving Party shall return to the Producing Party, or destroy, all Protected Material and all copies, excerpts, and summaries thereof, and shall certify in writing that it has done so. All PHI shall be returned or destroyed without exception. Outside Counsel of Record may retain one archival copy of pleadings, motion papers, transcripts, expert reports, written discovery, correspondence, and attorney work product, even if such materials contain Protected Material (other than PHI), and such materials shall remain subject to this Order.

**22.** **Subpoenas and Other Compulsory Process.** If a Receiving Party is served with a subpoena or other compulsory process seeking Protected Material, it shall promptly, and in no event more than five (5) business days after receipt, notify the Designating Party in writing and provide a copy of the subpoena, and shall not

produce the Protected Material before the date required for compliance, so as to afford the Designating Party a reasonable opportunity to seek protection.

**23. Limitations.** This Order shall not apply to information that (a) is or becomes publicly available other than through a violation of this Order; (b) was lawfully in the Receiving Party's possession on a non-confidential basis before its production in this Action; or (c) is lawfully obtained by the Receiving Party from a source other than the Designating Party who is not under an obligation of confidentiality. Nothing in this Order restricts a Party's use or disclosure of its own Protected Material, or affects the admissibility of any evidence.

**24. Right to Further Relief.** This Order does not deprive any Party of its right to object to discovery on any ground, and is entered without prejudice to the right of any Party to move the Court for modification of or relief from any of its terms, for additional protection of any material, or for any other relief. The production of material under this Order shall not constitute a waiver of any objection to its production.

**25. Additional Parties and Class Counsel.** Any party later joined in this Action, and any counsel later appointed to represent a certified class, shall be bound by this Order upon joinder or appointment. No putative or certified class member, other than the named Plaintiff, shall have access to Protected Material by virtue of class membership.

**26.** **Survival and Jurisdiction.** This Order survives the termination of this Action and remains in full force and effect unless modified or terminated by order of the Court or by written stipulation of all Parties filed with the Court. The Court retains jurisdiction to enforce this Order following termination of this Action.

Dated: October 9, 2026

*/s/ Dean R. Roland*
Dean R. Roland (#6459)
R. Grant Dick IV (#5123)
COOCH AND TAYLOR, P.A.
1000 North West St., Suite 1500
P.O. Box 1680
Wilmington, DE 19899
(302) 984-3816
droland@coochtaylor.com
gdick@coochtaylor.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*

*/s/ Andrew L. Rosen*
Chad M. Shandler (#3796)
Andrew L. Rosen (#7651)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
shandler@rlf.com
rosen@rlf.com

OF COUNSEL:

Brandon T. White
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 789-7470
Brandon.White@hklaw.com

Travis A. Sabalewski
HOLLAND & KNIGHT LLC
200 South 10th Street,
Suite 1000
Richmond, Virginia 23219
(804) 799-6591
Travis.Sabalewski@hklaw.com

*Attorneys for Defendant Carda Health, Inc.*

SO ORDERED this ____ day of ______________, 2026.

______________________________
The Honorable Colm F. Connolly
United States District Court Chief Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANGELA MCDERMOTT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDA HEALTH, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:26-cv-00861-CFC |

**<u>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER</u>**

I, ________________________________, declare that:

1. My address is ___________________________________________. My present employer is ________________________________, and my present occupation or job title is ________________________________.

2. I have received a copy of the Stipulated Protective Order (the "Order") entered in this Action. I have carefully read and understand its provisions, and I agree to comply with and be bound by all of its terms.

3. I will hold in confidence, will not disclose to anyone not authorized under the Order, and will use solely for purposes of this Action, any Protected Material, and any copies, summaries, abstracts, or indices thereof, disclosed to me, including any Personal Identifying Information and Protected Health Information.

4. No later than the final conclusion of this Action, I will return or destroy all Protected Material, and all documents or things I have prepared containing Protected Material, and will so certify to counsel for the party by whom I was retained or employed.

5. I submit to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of the Order, and I understand that violation of the Order may subject me to sanctions or contempt.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: ____________________

Signature: ____________________
Printed Name: _________________